## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Monica Castro, Damary Santa, and Nancy Helmold, individually and on behalf of all others similarly situated in California, Massachusetts, Illinois, Florida, Michigan, Minnesota, Missouri, New Jersey, New York, and Washington,<br><br>                Plaintiffs,<br><br>      v.<br><br>Abbott Laboratories,<br><br>                Defendant. | No. 1:25-cv-00377<br><br>Hon. Rebecca R. Pallmeyer |

## MEMORANDUM OF LAW IN SUPPORT OF
## ABBOTT LABORATORIES' MOTION TO DISMISS

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................... 1

II. BACKGROUND ............................................................................................... 1

    A. Abbott's Toddler Drink Products........................................................... 1

    B. Plaintiffs' Claims .................................................................................. 3

    C. Overlapping, First-Filed Cases ............................................................ 4

III. LEGAL STANDARD......................................................................................... 5

IV. ARGUMENT...................................................................................................... 6

    A. Plaintiffs' Claims Should Be Dismissed Under the First-to-File Rule. ................. 6

    B. Plaintiffs' Similarity Theory Fails. ....................................................... 9

    C. Plaintiffs' Added Sugar Theory Fails. ................................................... 11

        1. In Light of the Products' Express Sugar Disclosures, No Reasonable Consumers Would Find the Challenged Statements Misleading............. 11

        2. None of the Labeling Statements Challenged Under The Added Sugar Theory Is False or Misleading. ............................................. 13

    D. Plaintiffs' Injunctive Relief Claim Fails On Two Additional Grounds. .............. 15

V. CONCLUSION.................................................................................................. 15

i

# **TABLE OF AUTHORITIES**

**Page(s)**

## **CASES**

*Akers v. Costco Wholesale Corp.*,
    631 F. Supp. 3d 625 (S.D. Ill. 2022)................................................................11, 13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................5, 6

*Askin v. Quaker Oats Co.*,
    No. 11 CV 111, 2012 WL 517491 (N.D. Ill. Feb. 15, 2012)....................................7

*Bankhead v. Wintrust Fin. Corp.*,
    2023 WL 6290548 (N.D. Ill. Sept. 27, 2023) ...............................................2

*Barnett v. Schwan's Consumer Brands, Inc.*,
    No. 22-cv-2178-SMY, 2023 WL 6216955 (S.D. Ill. Sept. 25, 2023)....................10

*Bates v. Abbott Lab'ys*,
    No. 24-919-cv, 2025 WL 65668 (2d Cir. Jan. 10, 2025) ........................................13

*Becerra v. Coca-Cola Co.*,
    No. C 17-05916 WHA, 2018 WL 1070823 (N.D. Cal. Feb. 27, 2018)................................14

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................5

*Bober v. Glaxo Wellcome PLC*,
    246 F.3d 934 (7th Cir. 2001) ......................................................................13, 14

*Borsellino v. Goldman Sachs Grp., Inc.*,
    477 F.3d 502 (7th Cir. 2007) ........................................................................6

*Brown v. Abbott Lab'ys, Inc.*,
    No. 10 C 6674, 2011 WL 4496154 (N.D. Ill. Sept. 27, 2011)................................13

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
    761 F.3d 732 (7th Cir. 2014) ........................................................................15

*Cent. States, Se. & Sw. Areas Pension Fund v. Paramount Liquor Co.*,
    34 F. Supp. 2d 1092 (N.D. Ill. 1999) ............................................................7, 9

*Chiappetta v. Kellogg Sales Co.*,
    No. 21-CV-3545, 2022 WL 602505 (N.D. Ill. Mar. 1, 2022)................................9

*Clark v. Perfect Bar, LLC*,
  No. C 18-06006 WHA, 2018 WL 7048788 (N.D. Cal. Dec. 21, 2018) ................................12

*Colborne Corp. v. MC Retail Foods*,
  No. 94 C 5323, 1995 WL 470226 (N.D. Ill. Aug. 7, 1995) ........................................................6

*Davis v. G.N. Mortg. Corp.*,
  396 F.3d 869 (7th Cir. 2005) ..................................................................................................11

*DiCroce v. McNeil Nutritionals, LLC*,
  640 F. Supp. 3d 182 (D. Mass. 2022), *aff'd on other grounds*, 82 F.4th 35 (1st
  Cir. 2023) ................................................................................................................................11

*Ebner v. Fresh, Inc.*,
  838 F.3d 958 (9th Cir. 2016) ....................................................................................................9

*Gray v. Abbott Lab'ys, Inc.*,
  No. 10 cv 6377, 2011 WL 3022274 (N.D. Ill. July 22, 2011) ................................................15

*Humphrey v. United Healthcare Servs., Inc.*,
  No. 14 C 1157, 2014 WL 3511498 (N.D. Ill. July 16, 2014) ...................................................8

*Ibarrola v. Kind, LLC*,
  83 F. Supp. 3d 751 (N.D. Ill. 2015) ........................................................................................12

*Lima v. Post Consumer Brands*,
  No. 1:18-cv-12100-ADB, 2019 WL 3802885 (D. Mass. Aug. 13, 2019) ...............................12

*McCauley v. City of Chicago*,
  671 F.3d 611 (7th Cir. 2011) ..................................................................................................10

*McGinity v. Procter & Gamble Co.*,
  69 F.4th 1093 (9th Cir. 2023) ............................................................................................11, 12

*McReynolds v. Merrill Lynch & Co.*,
  694 F.3d 873 (7th Cir. 2012) ................................................................................................7, 9

*Melendez v. ONE Brands, LLC*,
  No. 18-CV-06650 (CBA) (SJB), 2020 WL 1283793 (E.D.N.Y. Mar. 16, 2020)...................12

*Moore v. Morgan Stanley & Co.*,
  No. 07 C 5606, 2007 WL 4354987 (N.D. Ill. Dec. 6, 2007) ....................................................7

*Morris v. Walmart Inc.*,
  No. 2:19-cv-650-GMB, 2020 WL 5645812 (N.D. Ala. Sept. 22, 2020) ................................11

*Nicholson v. Nationstar Mortg. LLC of Del.*,
  No. 17-cv-1373, 2018 WL 3344408 (N.D. Ill. July 6, 2018) ...........................................7, 8, 9

*Reinitz v. Kellogg Sales Co.*,
    No. 21-cv-1239-JES-JEH, 2022 WL 1813891 (C.D. Ill. June 2, 2022) ...................................9

*Rice v. Dreyer's Grand Ice Cream, Inc.*,
    624 F. Supp. 3d 922 (N.D. Ill. Aug. 30, 2022) ...........................................................................9

*Rudy v. D.F. Stauffer Biscuit Co.*,
    666 F. Supp. 3d 706 (N.D. Ill. 2023) ......................................................................................12

*Scherr v. Marriott Int'l, Inc.*,
    703 F.3d (7th Cir. 2013) ...........................................................................................................4

*Serlin v. Arthur Andersen & Co.*,
    3 F.3d 221 (7th Cir. 1993) ........................................................................................................6

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016) ..................................................................................................................6

*Tarzian v. Kraft Heinz Foods Co.*,
    No. 18 C 7148, 2019 WL 5064732 (N.D. Ill. Oct. 9, 2019) ...................................................15

*Taylor v. McCament*,
    875 F.3d 849 (7th Cir. 2017) ....................................................................................................6

*Tomasella v. Nestlé USA, Inc.*,
    364 F. Supp. 3d 26 (D. Mass. 2019), *aff'd*, 962 F.3d 60 (1st Cir. 2020) ..................................9

*Troutt v. Mondelēz Glob. LLC*,
    637 F. Supp. 3d 606 (S.D. Ill. 2022) ........................................................................................9

*Vondom, LLC v. Suess, Tr. of Christopher M. Suess Tr. Dated Jan. 9, 2017*,
    No. 20 C 1157, 2021 WL 5605208 (N.D. Ill. Jan. 11, 2021) ...................................................7

*Westmore Equities, LLC v. Vill. of Coulterville*,
    No. 15-cv-0241-MJR-DGW, 2015 WL 13158026 (S.D. Ill. Nov. 24, 2015).........................15

*Willoughby v. Abbott Lab'ys, Inc.*,
    No. 22 C 1322, 2023 WL 3585759 (N.D. Ill. May 22, 2023) .................................................15

## RULES

Fed. R. Civ. P. 9(b) ........................................................................................................................6

Fed. R. Civ. P. 12(b)(1).............................................................................................................6, 15

Fed. R. Civ. P. 12(b)(6)..................................................................................................................5

## I.     INTRODUCTION

In this putative class action, Plaintiffs assert two theories of liability, both of which stretch false labeling law well past its breaking point.  *First*, Plaintiffs' Similarity Theory alleges that the labeling of Abbott's toddler drink products—Go & Grow 360 Total Care by Similac ("Go & Grow") and Pure Bliss by Similac ("Pure Bliss")—is false or misleading just because it shares some similarities with some infant formula products.  *Second*, Plaintiffs' Added Sugar Theory posits that a handful of labeling statements mislead reasonable consumers about the products' sugar content—even though the challenged statements say nothing whatsoever about sugar and even though those same labels disclose exactly how much sugar each product contains.

But the gating issue for Plaintiffs is the first-to-file rule.  There are two other substantially similar cases against Abbott pending in other District Courts.  Both assert that Abbott's toddler drink products' labeling is false or misleading, including because the products allegedly have too much added sugar.  And both were filed before this one.  Under Seventh Circuit precedent recognizing the importance of preserving judicial resources and avoiding inconsistent judgments, this later-filed action should be dismissed.

Were that not enough, both liability theories should be dismissed for failure to state a claim on several independent grounds, as explained below.  And Plaintiffs' injunctive relief request fails for two additional reasons: Plaintiffs lack standing for injunctive relief and have failed to allege facts supporting the absence of an adequate remedy at law.

Abbott therefore respectfully requests that the Court dismiss the Complaint.

## II.     BACKGROUND

### A.     Abbott's Toddler Drink Products

Abbott is an Illinois-based healthcare company that manufactures, markets, and distributes

a variety of medical devices, nutrition supplements, and other products. Compl. ¶ 76. Among those are the toddler drink products at issue here. Compl. ¶¶ 10–11.

Go & Grow is a milk-based powder intended for children 12–36 months old whose ingredients are expressly set out on its label. *See* Ex. A (Go & Grow Labels);[1] Compl. ¶ 17. For example, Go & Grow's label states that it contains "28 Important Nutrients for Growth and Development," "DHA," "Lutein," and "Vitamin E"—because it indisputably does. Compl. ¶ 17. Likewise, the label makes clear that the product does not contain "artificial growth hormones," "GMO," or "Palm Olein Oil"—none of which Plaintiffs so much as allege the product contains. *Id.* The label also refers to "Immune Support," "Brain Development," "Digestive Health"—all of which the product supports. *Id.* And, as Plaintiffs correctly point out, part of the product's name is "Total Care": "Go & Grow 360 Total Care by Similac." *Id.* The label also includes the federally mandated Nutrition Facts Panel, which sets out precisely what Go & Grow contains and how much, in percentage terms, each nutrient contributes to a daily diet. *Id.* ¶ 22; Ex. A. For example, the Nutrition Facts Panel says exactly how many grams of total sugars the product contains per serving, as well as how many of those grams are from added sugars (4 grams). Compl. ¶ 22.

Pure Bliss is also a milk-based powder intended for children 12–36 months old; again, its ingredients are expressly set out on its label. *See* Ex. B (Pure Bliss Toddler Labels); Compl. ¶ 18. For example, the label says that the product contains "Probiotics," "DHA," and "Milk from Grass-Fed Cows"—none of which Plaintiffs allege the product lacks. Compl. ¶ 18. Also, the label makes clear that Pure Bliss is free from "added corn syrup solids, "artificial growth hormones," "antibiotics," and "GMOs"—not one of which Plaintiffs say is actually included in the products.

---

[1] "Ex." refers to the exhibits attached to the concurrently filed declaration of Heather A. Waller. The Court may consider the product labels attached as exhibits because the Complaint includes portions thereof such that the full labels are incorporated by reference. *See Bankhead v. Wintrust Fin. Corp.*, 2023 WL 6290548, at *2 (N.D. Ill. Sept. 27, 2023).

*Id.* And, like Go & Grow, Pure Bliss has a federally mandated Nutrition Facts Panel, which precisely states its ingredients per serving, including its 4 grams of added sugar. *Id.* ¶ 22.

Both products make clear exactly for what aged children they are intended and that neither is infant formula. Go & Grow says it is for "12-36 months." *See* Ex. A. So does Pure Bliss. *See* Ex. B. And both say "Toddler Drink" in large letters on the front. *See* Exs. A–B.

### B.     Plaintiffs' Claims

Plaintiffs Monica Castro, Damary Santana,[2] and Nancy Helmold purport to sue on behalf of a nationwide class and subclasses of purchasers in their respective states (plus purchasers in several states with which they have no apparent connection).[3] Compl. ¶¶ 78–80, 87. Plaintiff Castro, a California resident, claims she purchased Go & Grow for her 1-year-old toddler. *Id.* ¶ 78. Plaintiff Santana, a Massachusetts resident, claims she bought Pure Bliss for her 1-year-old toddler. *Id.* ¶ 79. Plaintiff Helmold, an Illinois resident, claims she purchased Pure Bliss for her 2-year-old toddler. *Id.* ¶ 80. Plaintiffs do not allege when, where, or for what reason they purchased the products. *See Id.* ¶¶ 78–80, 87.

Across the two products, Plaintiffs challenge labeling statements under two theories. *Id.* ¶¶ 10–74. The Similarity Theory alleges that the two toddler drinks look similar to infant formula products, which "impl[ies] to caregivers that they are the next nutritionally recommended product for them to purchase after infant formula." *Id.* ¶¶ 10–14. The Sugar Theory, *id.* ¶¶ 15–74, alleges that the following label statements are misleading in light of the products' 4 grams of added sugar:

---

[2] In the case caption and the prefatory statement above the first paragraph, Plaintiffs' Complaint refers to "Damary Santa." Because the rest of the Complaint refers to "Damary Santana," Abbott presumes that is the correct name.

[3] No Plaintiff alleges she purchased or used either product in Florida, Michigan, Minnesota, Missouri, New Jersey, New York, or Washington. Nor do Plaintiffs allege variation in those states' laws that would require a different analysis for present purposes.

| Go & Grow (¶ 17) | Pure Bliss (¶ 18) |
|---|---|
| • "28 Important Nutrients for Growth and Development"<br>• "Immune Support"<br>• "Brain Development"<br>• "Digestive Health"<br>• "5 HMO Prebiotics"<br>• "DHA"<br>• "Lutein"<br>• "Vitamin E"<br>• "Total Care" (in the product's name, "Go & Grow 360 Total Care by Similac")<br>• "No artificial growth hormones"<br>• "Non GMO"<br>• "No palm olein oil" | • "Probiotics"<br>• "DHA"<br>• "Milk from Grass-Fed Cows"<br>• "No added corn syrup solids"<br>• "No artificial growth hormones"<br>• "No antibiotics"<br>• "Non GMO" |

The three Plaintiffs allege that, because of these statements, they overpaid for the products. *Id.* ¶ 86. They assert claims under a trio of California statutes (the Unfair Competition Law, False Advertising Law, and Consumers Legal Remedies Act), two Massachusetts statutes (the Consumer Protection Statute and False Advertising Statute), and an Illinois statute (the Consumer Fraud and Deceptive Business Practices Law). *Id.* ¶¶ 96–153. In addition, they assert state common law claims for breach of express warranty, breach of the implied warranty of merchantability, unjust enrichment, negligent misrepresentation, and intentional misrepresentation. *Id.* ¶¶ 154–188.

## C.    Overlapping, First-Filed Cases

This is not the only or even the first case with respect to Abbott's toddler drink labeling asserting claims brought on behalf of putative classes.

***Gutierrez*:**  In September 2024, Plaintiff Alana Gutierrez filed a putative class action in the Eastern District of California regarding the labeling of Go & Grow. *See* Ex. C, *Gutierrez et al. v. Abbott Lab'ys, Inc.*, 2:24-CV-02427-TLN-SCR.[4] The plaintiff in *Gutierrez* alleges that several

---

[4] The Court may take judicial notice of materials from other cases that are public record, including pleadings and orders. *Scherr v. Marriott Int'l, Inc.*, 703 F.3d, 1069, 1073 (7th Cir. 2013).

true statements on Go & Grow labels are misleading—as here. Ex. C ¶ 37. Among the liability theories in *Gutierrez* is that Go & Grow contains too much added sugar—as here. *Id*. ¶ 51. The plaintiff in *Gutierrez* asserts claims under the CLRA, UCL, and FAL, as well as a claim for unjust enrichment—as here. *Id*. ¶¶ 98, 135. And the plaintiff in *Gutierrez* purports to bring suit on behalf of a putative class of California purchasers—again, as here. *Id*. ¶¶ 71–72. Abbott's motion to dismiss in *Gutierrez* is pending. *Gutierrez*, Dkt. 18.

*Schavrien*: In December 2024, Plaintiffs Ryan Schavrien and Max Ulrich filed a putative class action in the Northern District of California regarding Go & Grow's labeling. *See* Ex. D, *Schavrien et al. v. Abbott Lab'ys, Inc.*, 3:24-cv-09452-RFL. The *Schavrien* plaintiffs allege that various statements on the Go & Grow labels are misleading, including on the ground that the products contain too much added sugar—as here. Ex. D ¶ 21. The *Schavrien* plaintiffs also assert claims under the UCL, FAL and CLRA along with warranty and unjust enrichment claims—as here. *Id*. ¶¶ 97, 113, 137, 146–148, 156. And they purport to bring claims on behalf of both a nationwide class and a California subclass—as here. *Id*. ¶ 70. Abbott's motion to dismiss in *Schavrien* is pending, including Abbott's request to dismiss that case under the first-to-file rule in light of *Gutierrez*. *Schavrien*, Dkt. 27.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is required where the complaint fails to state a cognizable legal theory or does not allege sufficient facts to support the same. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive, a complaint "must contain sufficient factual matter" to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Although courts generally must accept as

true a complaint's "well-pleaded facts," courts need not accept "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678–79.

Because Plaintiffs' claims sound in fraud, they must also meet the heightened pleading standard under Federal Rule of Civil Procedure 9(b). *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). Rule 9(b) requires a party alleging fraud to state with particularity the circumstances constituting that fraud. *Id*. To satisfy this standard, the complaint must provide the who, what, when, where, and how of the alleged fraudulent conduct. *Id.*

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss based on lack of subject matter jurisdiction, including where Plaintiffs lack standing. *See Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017). To survive such a motion, the plaintiff must allege facts showing each element of standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337–38 (2016).

Finally, the first-to-file rule is a separate ground for dismissal under the multifactor analysis described below. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993).

## IV. ARGUMENT

### A. Plaintiffs' Claims Should Be Dismissed Under the First-to-File Rule.

The first-to-file rule is a well-recognized doctrine under which federal district courts decline jurisdiction over an action that involves similar parties and issues as an earlier-filed case. *See id.* at 223–24. The rule preserves judicial resources and prevents conflicting and inconsistent judgments. *See id.* at 223; *Colborne Corp. v. MC Retail Foods*, No. 94 C 5323, 1995 WL 470226, at *1 (N.D. Ill. Aug. 7, 1995) (two overlapping lawsuits proceeding in different federal district courts "would be a monumental waste of the courts' and the parties' resources" and "open the door to inconsistent judgments"). District courts in this Circuit "have wide discretion to dismiss a complaint 'for reasons of wise judicial administration . . . whenever it is duplicative of a parallel

action already pending in another federal court.'" *Vondom, LLC v. Suess, Tr. of Christopher M. Suess Tr. Dated Jan. 9, 2017*, No. 20 C 1157, 2021 WL 5605208, at *4 (N.D. Ill. Jan. 11, 2021) (quoting *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 888 (7th Cir. 2012)).

Courts in this Circuit consider three factors in determining whether to apply this rule: (1) the chronology of the actions, (2) the similarity of the parties, and (3) the overlap of the issues and available relief. *See Nicholson v. Nationstar Mortg. LLC of Del.*, No. 17-cv-1373, 2018 WL 3344408, at *7 (N.D. Ill. July 6, 2018). Here, all three factors strongly favor dismissal.

**Chronology of the actions**: *Gutierrez* was filed in September 2024 and *Schavrien* in December 2024—both before this case was filed in January 2025. Thus, this factor doubly favors application of the rule, as not one but two cases about Abbott's toddler drink products preceded this one. *See Cent. States, Se. & Sw. Areas Pension Fund v. Paramount Liquor Co.*, 34 F. Supp. 2d 1092, 1094–95 (N.D. Ill. 1999) (applying first-to-file rule where second-filed complaint was filed later on the same day as first-filed complaint); *Nicholson*, 2018 WL 3344408, at *5.

**Similarity of the parties**: To support dismissal under this factor, parties need only be substantially similar—not identical. *See Askin v. Quaker Oats Co.*, No. 11 CV 111, 2012 WL 517491, at *4 (N.D. Ill. Feb. 15, 2012). Here, the Defendant is the same in all three actions: Abbott Laboratories. On the plaintiff side, courts look beyond the identity of the named plaintiffs to the proposed classes they seek to represent. *See id.* (noting class members, not named plaintiffs, are the proper focus); *Moore v. Morgan Stanley & Co.*, No. 07 C 5606, 2007 WL 4354987, at *2 (N.D. Ill. Dec. 6, 2007) (applying first-to-file rule where some class members overlapped between actions). If plaintiffs' proffered class definitions overlap to any degree, courts consider them substantially similar. *See Nicholson*, 2018 WL 3344408, at *6 (applying rule where class definitions meant some of same individuals would be included in both classes). Here, the overlap

among the putative classes is significant:

| *Gutierrez* | *Schavrien* | **This Case** |
|---|---|---|
| "All persons in the State of California who purchased the Product between 2021 and the present."  Ex. C ¶ 72. | "All residents of the United States [and California] who, within the applicable statute of limitations periods, purchased."  Ex. D ¶ 70. | "[A]ll persons in the United States, and subclasses of all persons in California, Massachusetts, Illinois, [ . . . ] who, at any time within the applicable statute of limitations [ . . . ], purchased.  Compl. ¶ 87. |

In short, plaintiffs in each case seek to represent California classes, and plaintiffs here and in *Schavrien* also seek to represent nationwide classes.  Considering the substantial overlap with two other cases, this factor strongly supports dismissal.  *See Nicholson*, 2018 WL 3344408, at *6.

**Overlap of issues**:  The final factor considers the overlap between the issues in the cases.  Complete congruity is not required—only "substantial overlap."  *See id.* at *7; *see also Humphrey v. United Healthcare Servs., Inc.*, No. 14 C 1157, 2014 WL 3511498, at *2 (N.D. Ill. July 16, 2014).  Here, plaintiffs in all three cases allege that Abbott's toddler drink labeling is false or misleading.  *See* Ex. C ¶ 3; Ex. D ¶ 23; Compl. ¶ 26.  Plaintiffs in all three allege that consumers overpaid.  *See* Ex. C ¶ 3; Ex. D ¶¶ 29–30, 69; Compl. ¶ 72.  Plaintiffs in all three assert California UCL, FAL and CLRA claims as well as several common law claims.  *See* Ex. C ¶¶ 98, 129–130, 135; Ex. D ¶¶ 97, 113, 137; Compl. ¶¶ 100, 117, 119, 125, 172, 181, 188.  And the centerpiece of each case is the notion that the toddler drinks' added sugar content somehow renders misleading statements that do not mention sugar.  *See* Ex. C ¶¶ 51–52; Ex. D ¶ 44; Compl. ¶¶ 101, 117, 125.

Thus, unless the first-to-file rule is applied, multiple courts would have to determine the same issues (*e.g.*, the effect of the Nutrition Facts Panel's express disclosure of the products' sugar content).  *See* Ex. C ¶¶ 51–52; Ex. D ¶ 44; Compl. ¶¶ 22, 26.  This factor therefore also weighs heavily in favor of the rule's application.

Accordingly, the Court should dismiss this action. Otherwise, the federal courts and Abbott would be subject to multiple cases with functionally identical claims, consuming resources that could be better deployed elsewhere and risking conflicting judgments. *See McReynolds*, 694 F.3d at 888–89 (affirming dismissal of later-filed, duplicative suit); *Cent. States, Se. & Sw. Areas Pension Fund*, 34 F. Supp. 2d at 1094–95. At a minimum, the Court should stay the case pending the outcomes of *Gutierrez* and *Schavrien*. *See Nicholson*, 2018 WL 3344408, at *3.

### B. Plaintiffs' Similarity Theory Fails.

For Plaintiffs' claims to proceed past the pleading stage, it is insufficient to allege some possibility that a label might be misunderstood by a handful of customers viewing the label in an unreasonable manner. Rather, under the laws of California, Illinois, and Massachusetts, Plaintiffs must plausibly allege that a significant portion of consumers, acting reasonably under the circumstances, could be misled by the challenged statements in light of the overall context. *See Troutt v. Mondelēz Glob. LLC*, 637 F. Supp. 3d 606, 613 (S.D. Ill. 2022) (Illinois law); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 965 (9th Cir. 2016) (California law); *Tomasella v. Nestlé USA, Inc.*, 364 F. Supp. 3d 26, 35 (D. Mass. 2019), *aff'd*, 962 F.3d 60 (1st Cir. 2020) (Massachusetts law). Courts routinely dismiss cases at the pleading stage for failing to satisfy this "reasonable consumer" standard. *See, e.g.*, *Reinitz v. Kellogg Sales Co.*, No. 21-cv-1239-JES-JEH, 2022 WL 1813891, at *4 (C.D. Ill. June 2, 2022) (granting dismissal for failure to plead a significant portion of consumers acting reasonably could be misled); *Chiappetta v. Kellogg Sales Co.*, No. 21-CV-3545, 2022 WL 602505, at *4 (N.D. Ill. Mar. 1, 2022) (same); *Rice v. Dreyer's Grand Ice Cream, Inc.*, 624 F. Supp. 3d 922, 928 (N.D. Ill. Aug. 30, 2022) (same).

Here, Plaintiffs' Similarity Theory theorizes that the at-issue toddler drinks' labels are "deliberately similar" to the labels of some of Abbott's infant formula products. Compl. ¶¶ 10– 14. But, similar or not, nothing on the products' labels plausibly gives reasonable consumers the

message that Plaintiffs ascribe to them: "that they are the next nutritionally recommended product for [caregivers] to purchase after infant formula." Compl. ¶ 13. That the labels have some similarities with infant formula labels simply says nothing of whether toddler drink is "nutritionally recommended." *See Barnett v. Schwan's Consumer Brands, Inc.*, No. 22-cv-2178-SMY, 2023 WL 6216955, at *3 (S.D. Ill. Sept. 25, 2023) ("[W]here plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified.") (citation omitted). And the only label statement that Plaintiffs so much as mention under this theory is "stage 3," which they allege appears on the bottom and back of the labels. Compl. ¶ 13. "Stage 3," though, does not say or imply that the products are "nutritionally recommended." *Id.* Plaintiffs' conclusory contrary allegations are not enough. *See McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011).

Further, even assuming the toddler drink labels were similar to infant formula labels such that they implied that toddler drink is the "next nutritionally recommended" product, that would beg the question: so what? Plaintiffs' answer appears to be that "[e]xperts recommend that children above 12 months be given plain cow's milk, as well as water and healthy foods." Compl. ¶ 13. But that is a quarrel not with the labeling or advertising of the products but rather with the existence of the products themselves and whether another product would be better. In other words, Plaintiffs are attacking whether Abbott's toddler drinks and similar products should be on the market at all, or whether only Plaintiffs' preferred choice should be available. Under the exact same averment that "[e]xperts recommend that children above 12 months be given ***plain*** cow's milk," Plaintiffs could make the same allegations with respect to chocolate milk. *Id.* (emphasis added). So too of any other food or drink intended for children that Plaintiffs say is not a "***healthy*** food[]." *Id.* (emphasis added). That includes fruit juices, fruit snacks, pouches, and more—all of

which would be subject to attack just because a different product is theoretically more "nutritionally recommended." *Id.* This is not a viable theory of liability. *See Morris v. Walmart Inc.*, No. 2:19-cv-650-GMB, 2020 WL 5645812, at *5 (N.D. Ala. Sept. 22, 2020) (question was not whether product was healthiest delivery mechanism for vitamins and minerals, but whether product provided nutrition as stated). Thus, Plaintiffs' Similarity Theory should be dismissed.

### C. Plaintiffs' Added Sugar Theory Fails.

#### 1. *In Light of the Products' Express Sugar Disclosures, No Reasonable Consumers Would Find the Challenged Statements Misleading.*

In determining whether a reasonable consumer would have been misled, context is key, as "the allegedly deceptive act must be looked upon in light of the totality of the information made available to the plaintiff." *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 884 (7th Cir. 2005); *see also McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1099 (9th Cir. 2023) (allegedly ambiguous phrase on product's front label not misleading under California law when read in conjunction with back label). Thus, where a plaintiff alleges that one part of a product's label is misleading but another part of the label would clarify a plaintiff's interpretation, that claim fails at the pleading stage. *See Akers v. Costco Wholesale Corp.*, 631 F. Supp. 3d 625, 632–33 (S.D. Ill. 2022); *DiCroce v. McNeil Nutritionals, LLC*, 640 F. Supp. 3d 182, 188 (D. Mass. 2022), *aff'd on other grounds*, 82 F.4th 35 (1st Cir. 2023) (granting motion to dismiss, finding label was not misleading due to presence of disclaimers that clarified any potential confusion).

Under these principles, Plaintiffs' Added Sugar Theory fails, because every label on every product at issue disclosed the precise amount of sugar that product contains. *See* Exs. A–B. To the extent a reasonable consumer was concerned about added sugar in the products, they would know precisely where to look for such information—particularly when no other challenged labeling statements makes any representation about sugar whatsoever. *See* Compl. ¶¶ 17, 18. As

courts recognize, the Nutrition Facts Panel "is exactly the spot consumers are trained to look for such information." *Melendez v. ONE Brands, LLC*, No. 18-CV-06650 (CBA) (SJB), 2020 WL 1283793, at *7 (E.D.N.Y. Mar. 16, 2020) (citation omitted); *see also Rudy v. D.F. Stauffer Biscuit Co.*, 666 F. Supp. 3d 706, 719 (N.D. Ill. 2023) (allegedly deceptive statements must be evaluated in the context of the entire package label available to customers).

Courts commonly reject similar theories in light of disclosures on the label. For example, the plaintiff in *Ibarrola v. Kind, LLC*, 83 F. Supp. 3d 751 (N.D. Ill. 2015), alleged that the labeling statement "no refined sugars" was false or misleading because the product contained molasses and evaporated cane juice. *See id.* at 759. In dismissing, the court explained that the label noted that the product "contained evaporated cane juice and molasses" and that the plaintiff should have considered other statements on the label which would have eliminated any possibility of deception. *Id.* Likewise, in dismissing with prejudice a similar claim brought under Massachusetts law, the court in *Lima v. Post Consumer Brands*, No. 1:18-cv-12100-ADB, 2019 WL 3802885 (D. Mass. Aug. 13, 2019), noted that consumers "presented with images or information that would be recognized as ambiguous by a reasonable consumer are generally expected to resolve such ambiguity by referring to other information on a product's packaging." *Id.* at *6.

Similarly, in *Clark v. Perfect Bar, LLC*, No. C 18-06006 WHA, 2018 WL 7048788 (N.D. Cal. Dec. 21, 2018), consumers alleged that packaging on a product representing that the product was a "health bar" was misleading in light of the product's added sugar content. *Id.* at *1. Rejecting that claim on a motion to dismiss, the district court held that "[t]he actual ingredients were fully disclosed" and thus "[n]o consumer, on notice of the actual ingredients described on the packing including honey and sugar, could reasonably overestimate the health benefits of the bar merely because the packaging elsewhere refers to it as a health bar." *Id.*; *see also McGinity*, 69

F.4th at 1099 (no deception where product's back label listed all ingredients); *Bates v. Abbott Lab'ys*, No. 24-919-cv, 2025 WL 65668, at *3 (2d Cir. Jan. 10, 2025) (affirming dismissal in light of sugar disclosure in Nutrition Facts Panel).

These holdings make good sense: Reasonable consumers interested in a product's sugar content would not read information about sugar into statements that do not so much as mention sugar but rather look at the Nutrition Facts Panel. There is no reason to depart from that principle here. Thus, the Court should dismiss Plaintiffs' Added Sugar Theory. *See Akers*, 631 F. Supp. 3d at 632 (claims based on unreasonable interpretations subject to dismissal on the pleadings).

2. *None of the Labeling Statements Challenged Under The Added Sugar Theory Is False or Misleading.*

Even if every label on every product at issue did not expressly disclose the amount of added sugar, Plaintiffs still would have failed to plausibly plead that any of the statements that they challenge under the Added Sugar Theory is false or misleading. *See* Compl. ¶¶ 17–18 (listing challenged labeling statements for each product). Thus, at a minimum, the Court should dismiss Plaintiffs' claims as to each challenged statement that the Complaint fails to adequately plead is false or misleading. *See Brown v. Abbott Lab'ys, Inc.*, No. 10 C 6674, 2011 WL 4496154, at *4 n.3 (N.D. Ill. Sept. 27, 2011) (dismissing challenge to statement "#1 brand fed in hospitals" on infant formula, because that statement is "not even arguably misleading"); *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 938 (7th Cir. 2001) (statements claiming that drugs were different medications were not deceptive because the claims were completely true).

**"28 Important Nutrients for Growth and Development" (Go & Grow), "5 HMO Prebiotics" (Go & Grow), "Lutein" (Go & Grow), "Vitamin E" (Go & Grow), "DHA" (Go & Grow and Pure Bliss), "Probiotics," "Milk from Grass-Fed Cows" (Pure Bliss):** Each of these statements sets out ingredients that the products contain. Nowhere do Plaintiffs allege that

the products do not have these ingredients. And that the products also contain added sugar does not mean that they do not contain these ingredients. Accordingly, claims based on these statements should be dismissed. *See Bober*, 246 F.3d at 938.

**"No Palm Olein Oil" (Go & Grow), "No added corn syrup solids" (Pure Bliss), "No antibiotics" (Pure Bliss), "No artificial growth hormones" (Go & Grow and Pure Bliss), "Non GMO" (Go & Grow and Pure Bliss):** These challenged statements are the other side of the coin: They say what each product does *not* contain. Again, Plaintiffs nowhere allege that the products actually have these ingredients. And, again, Plaintiffs fail to connect these ingredients and the products' added sugar content. Claims based on these statements should be dismissed as well.

**"Immune Support" (Go & Grow) and "Digestive Health" (Go & Grow):** Plaintiffs attempt to connect these two labeling statements to the products' added sugar content under the theory that "sugar-sweetened beverages" have "deleterious effects on immune system function" and "harm[] gut microbiota and the gut barrier." *See* Compl. ¶¶ 32, 37. But whether added sugar has either effect says nothing of whether the added sugar in these products would yield the general harms alleged in the Complaint, much less whether Abbott's products do. *See Becerra v. Coca-Cola Co.*, No. C 17-05916 WHA, 2018 WL 1070823, at *4 (N.D. Cal. Feb. 27, 2018) (general allegations that artificial sweeteners cause weight gain failed because plaintiff did not allege product at issue caused weight gain). Claims based on these statements should also be dismissed.

**"Brain Development" (Go & Grow):** Plaintiffs do not even try to connect added sugar to "Brain Development." This challenged statement should therefore be dismissed.

**"Total Care" (Go & Grow):** This statement is part of the product's name: "Go & Grow 360 Total Care by Similac." *See* Compl. ¶ 12. But there is nothing misleading about a product label setting out that product's name. Regardless, Plaintiffs fail to allege any facts connecting the

14

products' added sugar content to whether Go & Grow provides "Total Care." The Court should therefore dismiss claims based on this challenged statement too.

### D. Plaintiffs' Injunctive Relief Claim Fails On Two Additional Grounds.

Two additional reasons—each independently sufficient—require dismissal of Plaintiffs' request for injunctive relief. *First*, Plaintiffs lack standing to pursue injunctive relief under Federal Rule of Civil Procedure 12(b)(1) because they do not plausibly allege any real or immediate threat of future injury. *Camasta v. Jos. A. Bank Clothiers, Inc*., 761 F.3d 732, 740 (7th Cir. 2014). No Plaintiff alleges an intent to purchase the products again. *See* Compl. ¶¶ 78–86. Without a stated intent to repurchase, Plaintiffs cannot show a likelihood of future injury. *Tarzian v. Kraft Heinz Foods Co.*, No. 18 C 7148, 2019 WL 5064732, at *4 (N.D. Ill. Oct. 9, 2019). And even if Plaintiffs had alleged an intention to repurchase, their awareness of the alleged harms associated with the products precludes them from being harmed again. *See Willoughby v. Abbott Lab'ys, Inc.*, No. 22 C 1322 , 2023 WL 3585759, at *6 (N.D. Ill. May 22, 2023).

*Second*, Plaintiffs fail to allege facts supporting the absence of an adequate remedy at law, as required to seek equitable relief such as an injunction. *See Westmore Equities, LLC v. Vill. of Coulterville*, No. 15-cv-0241-MJR-DGW, 2015 WL 13158026, at *2 (S.D. Ill. Nov. 24, 2015). At the pleading stage, plaintiffs seeking equitable relief must provide factual allegations explaining why monetary damages would not fully compensate them. *See Gray v. Abbott Lab'ys, Inc.*, No. 10 cv 6377, 2011 WL 3022274, at *7 (N.D. Ill. July 22, 2011). Here, Plaintiffs fail to set out even a conclusory allegation that damages are insufficient. For this independent reason Plaintiffs' injunctive relief claim fails. *See id.*

### V. CONCLUSION

Abbott respectfully requests that the Court dismiss Plaintiffs' Complaint.

Dated:  April 14, 2025     Respectfully submitted,

**LATHAM & WATKINS LLP**


By /s/ Heather A. Waller
  Heather A. Waller (ARDC No. 6302537)
  heather.waller@lw.com
  330 North Wabash Avenue, Suite 2800
  Chicago, IL 60611
  Telephone: (312) 876-7700

  William J. Trach (*pro hac vice*)
  william.trach@lw.com
  U. Gwyn Williams (*pro hac vice*)
  gwyn.williams@lw.com
  Nathan A. Sandals (*pro hac vice*)
  nathan.sandals@lw.com
  200 Clarendon Street
  Boston, MA 02116
  Telephone: (617) 948-6000

  Attorneys for Defendant
  Abbott Laboratories